People v Aleynikov (2019 NY Slip Op 07211)





People v Aleynikov


2019 NY Slip Op 07211


Decided on October 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2019

Friedman, J.P., Sweeny, Richter, Mazzarelli, Webber, JJ.


10006 4447/12

[*1] The People of the State of New York, Respondent,
v
Sergey Aleynikov, Defendant-Appellant.


Marino, Tortorella & Boyle, P.C., New York (Kevin H. Marino of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Elizabeth Roper of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at double jeopardy motion; Daniel P. Conviser, J. at jury trial and sentencing), rendered October 23, 2018, convicting defendant of unlawful use of secret scientific material, and sentencing him to time served, unanimously affirmed.
The underlying facts of this case, as well as legal determinations relevant to this appeal, are set forth in prior decisions by the trial court, this Court and the Court of Appeals (49 Misc 3d 286 [Sup Ct, NY County 2015], revd 148 AD3d 77 [1st Dept 2017], affd 31 NY3d 383 [2018]). Briefly stated, defendant, a then-employee of Goldman Sachs, uploaded, without authorization, components of Goldman's valuable source code to a server in Germany. Based on this conduct, defendant was initially tried and convicted in federal court of violating the National Stolen Property Act (NSPA), 18 USC § 2314, which makes it a crime to transport, transmit, or transfer "in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5000 or more, knowing the same to have been stolen, converted or taken by fraud." However, the Second Circuit reversed that conviction, holding, in relevant part, that the government had failed to present legally sufficient evidence to prove the NSPA's "goods" element because the code defendant uploaded to the German server was intangible property (United States v Aleynikov, 676 F3d 71, 76-79 [2d Cir 2012]).
Defendant argues on appeal that his later New York State prosecution and conviction of unlawful use of secret scientific material (Penal Law § 165.07), based on the same basic conduct — uploading the proprietary source codes to the German server — was barred by CPL 40.20(2), which generally prohibits prosecution of a person "for two offenses based upon the same act or criminal transaction." Defendant argues that the motion court (whose determination was accepted by the trial court as law of the case) erred in ruling that the state prosecution was permissible pursuant to the exception set forth in CPL 40.20(2)(f), which provides that a second prosecution based on the same act or criminal transaction is permissible where
"[o]ne of the offenses consists of a violation of a statutory provision of another jurisdiction, which offense has been prosecuted in such other jurisdiction and has there been terminated by a court order expressly founded upon insufficiency of evidence to establish some element of such offense which is not an element of the other offense, defined by the laws of this state."
Defendant's argument rests on the claim that the "goods" element of the NSPA, which undisputedly requires that the property transported be "tangible," is equivalent to the "tangible reproduction" element of New York's unlawful use statute. That statute provides that
"[a] person is guilty of unlawful use of secret scientific material when, with intent to appropriate . . . the use of secret scientific material, and having no right to do so and no reasonable ground to believe that he [or she] has such right, [the person] makes a tangible reproduction or representation of such secret scientific material by means of writing, [*2]photographing, drawing, mechanically or electronically reproducing or recording such secret scientific material" (Penal Law § 165.07).
Central to defendant's claim is the proposition that, in finding the evidence legally insufficient to support an NSPA conviction, the Second Circuit found not only that the source code was intangible as it was transported from the Goldman server, but that it was also intangible as it resided, taking up hard drive space on the physical medium of the German server. Defendant argues that if this understanding of the Second Circuit's analysis — and thus the nature of the "goods" element — is correct, it would be inconsistent to conclude both that the source codes were not "goods" within the meaning of the NSPA and that they were a "tangible reproduction" within the meaning of the state unlawful use statute as they existed on the German server.
However, as reflected in our previous decision in this case, holding that the evidence was legally sufficient to establish the "tangible reproduction" element (148 AD3d at 88], and in the Court of Appeals' affirmance (31 NY3d at 399), the Second Circuit did not hold that the source codes were intangible as they existed on the German server. Rather, it held that "at the time of the theft" (Aleynikov, 676 F3d at 78) — which was the same as the time that the codes were transmitted — the codes were purely intangible. Because the elements are not equivalent, there is no inconsistency between the Second Circuit's determination that the codes were intangible when transported and this Court's determination that defendant made a tangible reproduction when he uploaded them to the German server, where they resided within a physical medium. Accordingly, there was no double jeopardy bar to the state prosecution.
We do not reach the People's other ground for affirmance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 8, 2019
CLERK